UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Ohio Republican Party,** *et al.***,**

    **Plaintiffs,**

-V-                                           **Case No.: 2:08-cv-00913**
                                                          **Judge Smith**
                                                          **Magistrate Judge King**

**Jennifer Brunner,**

    **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion to Transfer Venue and to Consolidate this case with *Project Vote v. Madison County Bd. of Elections*, case number 1:08-cv-02266, in the Northern District of Ohio, Eastern Division (Doc. 7).

Defendant moves pursuant to 28 U.S.C. § 1404(a) to transfer and consolidate this case with the *Project Vote* case.  28 U.S.C §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of this statute "is to prevent waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense…" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) *quoting Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26-27 (1960). Thus, in ruling on a motion to transfer venue under this statute, the court must consider the private interests of the parties as well as public interests such as systemic integrity and fairness, which is commonly referred to as the interests of justice. *Moses v. Business Card Express, Inc.* 929 F.2d 1131, 1137

(6th Cir. 1991).

Defendant argues that the claims brought by the Plaintiffs in this case are nearly identical to those brought by the Plaintiffs in the Northern District case. Defendant further asserts that the case must be transferred to insure that there is a uniform interpretation of federal law, and to preserve the limited resources of federal courts by having all the issues tried to a single judge. Defendant states that "[s]uch a transfer assures uniform adjudication of identical issues presented in both of these cases, furthers the interest of judicial economy, and will provide convenience to the parties and witnesses who otherwise may need to participate in court proceedings in two different courts at the same time." (Def.'s Mot. to Transfer at 3).

Defendant relies on *Hooker v. Burson*, 960 F. Supp. 1283 (M.D. Tenn. 1996) in support of her motion. In *Hooker*, there was an issue concerning whether a judicial election should be a contested election or a retention election. One candidate sued in the Western District of Tennessee while the other candidate later sued in the Middle District of Tennessee. Both plaintiffs named the same defendant. The Middle District Court transferred its case to the Western District recognizing that the "transfer is necessary to avoid actual and potential conflicts between the United States District Courts in Tennessee…." *Id.* at 1284. Defendant also cites to a case from this Court in support of its argument, *Northeast Ohio Coalition for the Homeless v. Blackwell*, Case No. 2:06-cv-896.

The Court has considered the first-to-file rule. The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment." *Zide*

*Sport Shop of Ohio, Inc. v. Ed Tobergate Associates, Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001), *citing In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984).

The Sixth Circuit has recognized that district courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. *Zide Sport Shop*, 16 Fed. Appx. at 437, *citing Tempco Elec. Heater Corp. v. Omerga Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) ("The mere fact that [plaintiff] filed its declaratory judgment action first does not give it a 'right' to choose a forum. This circuit has never adhered to a rigid 'first to file' rule. We decline [Plaintiff's] invitation. . . to adopt such a rule here."). The Sixth Circuit has further recognized factors that weigh against enforcement of the first-to-file rule, which include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. *Zide Sport Shop*, 16 Fed. Appx. at 437.

The Court recognizes that pursuant to 28 U.S.C §1404(a), a district court has the power to transfer a case to another federal district where a claim could have been brought if the interests of justice so require. *Id.* at 1291. While it is true that Plaintiffs in the case at bar could have brought the case in the Northern District of Ohio, it seems more proper that this case should be considered in the Southern District of Ohio as all parties are located here. It is notable that the Plaintiffs in the *Project Vote* case filed in the Northern District against the Madison County Board of Elections and Secretary of State Jennifer Brunner, where both defendants are located in the Southern District of Ohio. The Court finds that the first-to-file rule should not be enforced in this case where Plaintiffs in *Project Vote* were most likely filing an anticipatory lawsuit to the one filed by the Ohio Republican Party in an attempt to acquire a favorable forum. The Sixth

Circuit held in *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004), "[c]ourts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum."

Defendant's Motion to Transfer Venue and to Consolidate is therefore **DENIED**.  The Court will therefore proceed with the hearing on Plaintiffs' Motion for a Temporary Restraining Order.

The Clerk shall remove Document 7 from the Court's pending motions' list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**